UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY WILLIS,

                              Plaintiff,

        -v-

CITY OF NEW YORK, KEVIN PERDOMO, and
DENISE TURNER,

                              Defendants.

CIVIL ACTION NO. 24 Civ. 735 (JGLC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On January 29, 2024, pro se Plaintiff Rodney Willis filed this action against the City of New York's Department of Homeless Services, Kevin Perdomo, and Denise Turner (collectively "Defendants"), alleging that they (1) discriminated against him on the basis of his race, color, sex, and age; (2) created a hostile work environment; and (3) retaliated against him.  (ECF No. 1 (the "Complaint")).  On June 28, 2024, Defendants filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos. 24–25 (the "Motion to Dismiss")).  Before the Motion to Dismiss was fully briefed, counsel for Defendants filed a Motion to Withdraw from representation of Defendant Turner (ECF No. 43 (the "Motion to Withdraw")) and a Letter-Motion to Amend the Motion to Dismiss "given the [] concerns regarding representation of defendant Turner."  (ECF No. 45 (the "Motion to Amend")).  On September 25, 2024, the Court directed Defendant Turner to file by October 9, 2024 any response to the Motion to Withdraw and denied the Motion to Amend without prejudice to renewal, pending resolution of the Motion to Withdraw.  (ECF No. 46).  The Court also administratively terminated the Motion to Dismiss, but

anticipates that one or more Defendants will renew that motion following resolution of the Motion to Withdraw.

Plaintiff has now filed a Motion for Summary Judgment (ECF No. 47 ("Plaintiff's Motion")), which the Court will deny as premature.  The Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), but no party should be "unjustly deprived of [its] ability to meet [its] burden of production" at summary judgment.  Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989).  Indeed, the non-moving party is entitled to "an opportunity to discover information that is essential to [its] opposition" to a summary judgment motion.  Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).  Accordingly, "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete."  Toussie v. Allstate Ins. Co., 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016).

Here, Plaintiff's Motion is premature given that the Motion to Withdraw is pending, Defendants may renew the Motion to Dismiss, and fact discovery has not yet begun. Consequently, the parties have not had any, let alone a sufficient, opportunity to "discover information . . . essential" to their claims or defenses.  Trebor Sportswear Co., 865 F.2d at 511. For this reason, Plaintiff's Motion (ECF No. 47) is DENIED WITHOUT PREJUDICE to renewal following discovery in this matter.  See Kaiser v. Fairfield Props., No. 20 Civ. 5399 (GRB) (JMW), 2022 WL 17412405, at *8–9 (E.D.N.Y. Feb. 11, 2022) (recommending denial of plaintiff's motion for summary judgment as premature where no discovery had occurred and defendants had filed a motion to dismiss under Rule 12(b)(6)).  In other words, while the Court recognizes Plaintiff's frustration with the delays he perceives in moving the case forward, Plaintiff will be afforded an

opportunity to move for summary judgment on an appropriate date the Court will set following

resolution of the Motion to Withdraw, any refiled Motion to Dismiss, and completion of discovery.

The Clerk of Court is respectfully directed to close ECF No. 47 and to mail a copy of this

Order to Mr. Willis.

Dated:          New York, New York
                September 27, 2024

SARAH L. CAVE
United States Magistrate Judge