UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY WILLIS,

                Plaintiff,

-v-

CITY OF NEW YORK, KEVIN PERDOMO, and DENISE TURNER,

                Defendants.

CIVIL ACTION NO. 24 Civ. 735 (JGLC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Pro se Plaintiff Rodney Willis ("Mr. Willis") initiated this action by filing a complaint alleging that the City of New York (the "City"), Kevin Perdomo ("Mr. Perdomo"), and Denise Turner ("Ms. Turner") (collectively "Defendants") violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the New York State Human Rights Law, N.Y. Exec. L. § 297 et seq., by (1) discriminating against him on the basis of his race, color, sex, and age; (2) creating a hostile work environment; and (3) retaliating against him. (ECF No. 1 (the "Complaint")). For the reasons stated below, the Court grants Mr. Willis leave to file an amended complaint by Friday, January 10, 2025.

**I.  BACKGROUND**

On January 29, 2024, Mr. Willis filed the Complaint, raising the claims identified above. (ECF No. 1). The Court directed the United States Marshals Service to effect service on Defendants (ECF No. 7), who jointly filed a Motion to Dismiss the Complaint on June 28, 2024 (ECF No. 24 (the "MTD")). On July 2, 2024, Mr. Willis filed an Opposition to the MTD, which consisted of a two-page written statement and roughly 180 pages of documentary evidence,

including, inter alia, emails, paystubs, and correspondence from the United States Equal Employment Opportunity Commission. (See generally ECF No. 27). Since that date, Mr. Willis has filed at least eleven additional letters and sets of documents he appears to believe support his claims. (See ECF Nos. 30, 34, 36, 39, 44, 47, 50, 51, 58, 61, 65). In response to these submissions, some of which the Court explicitly construed as supplemental oppositions to the MTD (see, e.g., ECF Nos. 32, 35), Defendants sought and were granted additional time to file a reply in support of the MTD (see ECF Nos. 29, 31, 37).

On September 24, 2024, counsel for Defendants filed a Motion to Withdraw as Counsel for Ms. Turner (ECF No. 43 (the "MTW")) and an accompanying Letter-Motion for Leave to File an Amended Motion to Dismiss on behalf of only the City and Mr. Perdomo (ECF No. 45 (the "Motion to Amend")). The Court administratively terminated the MTD and denied the Motion to Amend without prejudice to Defendants' right to refile it pending a decision as to the MTW. (ECF No. 46).

On October 16, 2024, the Court granted the MTW and stayed this action to allow Ms. Turner to find new representation. (ECF No. 59). Attorney Stewart Lee Karlin later filed an appearance on behalf of Ms. Turner (ECF No. 68), and the Court thus issued an order lifting the stay and directing Defendants to answer or oppose the Complaint by January 5, 2024. (ECF No. 69 (the "Dec. 6 Order")). Since the Court issued the Dec. 6 Order, however, Mr. Willis has filed yet another letter containing new allegations and supporting documents. (See ECF No. 70).

II.     **STANDARD OF REVIEW**

District courts within the Second Circuit are obliged to construe pro se drafted pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the

"strongest [claims] they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006). The "special solicitude" owed to pro se pleadings, however, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), is not without limits. Indeed, every complaint, whether drafted by an attorney or an individual proceeding pro se, must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 ("Rule 8") requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claims should not be overly lengthy or contain unnecessary details. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In addition, a plaintiff—even one proceeding pro se—cannot "simply dump a stack of exhibits on the court and expect [it] to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." Carmel v. CSH & C, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014). Doing so "places an unjustified burden on the court and the party who must respond to [the complaint] because they are forced to select the relevant material from a mass of verbiage[.]" Salahuddin, 861 F.3d at 42.

When a complaint does not comply with Rule 8, a district court is empowered to strike any portions that are redundant or immaterial, see Fed. R. Civ. P. 12(f), or to dismiss the complaint entirely. Salahuddin, 861 F.3d at 42; see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc., No. 17 Civ. 3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory."). When a court chooses to dismiss a complaint on this basis, however,

3

it normally grants leave to file an amended pleading that conforms to the requirements of the Federal Rules. Salahuddin, 861 F.3d at 42.

### III.   DISCUSSION

Mr. Willis' original Complaint was thirteen pages long and drafted on a standardized template. (See ECF No. 1). It provided the Court and Defendants a brief and reasonably clear statement of Mr. Willis' claims and therefore complied with Rule 8. As noted above, however, Mr. Willis has since filed at least eleven additional submissions that the Court could reasonably construe as (1) amended or supplemental complaints or (2) supplemental oppositions to Defendants' MTD. In total, these submissions amount to roughly 230 pages, the bulk of which consist of documents that are in some cases illegible. (See, e.g., ECF Nos. 30 at 17–26; 58 at 9).[1] Put simply, these submissions do not contain a short and plain statement of the claims before the Court and therefore violate Rule 8.

On this basis, the Court concludes that it is neither reasonable nor fair to require Defendants to assess Mr. Willis' pleadings in their current form. See Carmel, 32 F. Supp. 36 at 434. Aware of its duty to offer Mr. Willis deference in light of his pro se status, see Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002), the Court will offer Mr. Willis an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. See Miller v. Abusive Members Within City (State) of New York, No. 19 Civ. 10904 (CM), 2020 WL 917258, at *3 (S.D.N.Y. Feb. 25, 2020) ("The Court dismisses this action without prejudice to

---

[1] This figure does not include the roughly 180 pages that make up Mr. Willis' Opposition to the MTD. (See ECF No. 27).

4

Plaintiff's filing an amended complaint in compliance with Rules 8 and 20 of the Federal Rules of Civil Procedure within 30 days of the date of this order.").

The Court encourages Mr. Willis to use the attached standardized complaint form and to add extra pages only as necessary to explain his claims. Mr. Willis may submit documents in support of his claims, but he should not expect the Court or Defendants to interpret them and articulate his claims for him. Rather, Mr. Willis should describe his claims in his own words, identifying the specific acts or omissions taken by Defendants, the dates and times those acts or omissions occurred, and how those acts or omissions have harmed him.

### IV.   CONCLUSION

Consistent with the discussion above, the Court orders as follows:

1. By **Friday, January 10, 2025**, Mr. Willis must file a single amended complaint consistent with the instructions above. Any amended complaint will replace the original Complaint, and Defendants will be required to respond only to the allegations and claims raised in the amended complaint. If Mr. Willis does not file an amended complaint, the undersigned will recommend that the Honorable Jessica G.L. Clarke dismiss this action for failure to state a claim. See Miller, 2020 WL 917258, at *2 ("Because Plaintiff's complaint does comply with Rule 8, it does not state a claim. The Court therefore dismisses this action for failure to state a claim on which relief may be granted.").

2. Defendants' deadline to answer or respond to the Complaint, previously set for January 5, 2025, is ADOURNED SINE DIE pending receipt of Mr. Willis' anticipated

5

amended complaint.  The Court will set a new deadline to answer or oppose once Mr. Willis' amended complaint is filed.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Willis.

Dated:     New York, New York
           December 11, 2024

SO ORDERED.

*[signature]*

**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☐ Yes    ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.   PARTIES

A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                      Middle Initial           Last Name

_____

Street Address

_____

County, City                                    State                    Zip Code

_____

Telephone Number                         Email Address (if available)

B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   _____
                          Name

               _____
               Address where defendant may be served

               _____
               County, City                State                Zip Code

Defendant 2:   _____
                          Name

               _____
               Address where defendant may be served

               _____
               County, City                State                Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State              Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                State              Zip Code

## III.  CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law): _____

Page 4

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): _____

_____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name       Middle Initial | Last Name |
| Street Address | |
| County, City      State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address |

| | |
|---|---|
| Date | Signature |

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007