UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY WILLIS,

                            Plaintiff,

   -v-

CITY OF NEW YORK, KEVIN PERDOMO, and DENISE TURNER,

                            Defendants.

CIVIL ACTION NO. 24 Civ. 735 (JGLC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is a Motion for Summary Judgment (ECF Nos. 84–85 (the "MSJ")) filed by pro se Plaintiff Rodney Willis ("Mr. Willis"). For the reasons that follow, the MSJ is DENIED WITHOUT PREJUDICE as premature.

On January 29, 2024, Mr. Willis filed this action against the City of New York's Department of Homeless Services, Kevin Perdomo, and Denise Turner (collectively "Defendants"), alleging that they (1) discriminated against him on the basis of his race, color, sex, and age; (2) created a hostile work environment; and (3) retaliated against him. (ECF No. 1 (the "Complaint")). On June 28, 2024, Defendants filed a Motion to Dismiss the Complaint (ECF No. 24 (the "MTD")). Thereafter, Mr. Willis filed an Opposition to the MTD, which consisted of a two-page written statement and roughly 180 pages of documentary evidence, including, inter alia, emails, paystubs, and correspondence from the United States Equal Employment Opportunity Commission. (See generally ECF No. 27). He then filed at least eleven additional letters and sets of documents in apparent efforts to amend the Complaint and/or oppose the MTD. (See ECF Nos. 30, 34, 36, 39, 44, 47, 50, 51, 58, 61, 65).

On December 11, 2024, the Court issued an order dismissing the Complaint without prejudice on the basis that it violated Federal Rules of Civil Procedure 8 and 10 and that it would be "neither reasonable nor fair to require Defendants to assess Mr. Willis' pleadings" as they then existed.  (ECF No. 71).  On December 16, 2024, Mr. Willis filed an Amended Complaint (ECF No. 72), which the Court directed Defendants to answer or oppose by January 27, 2025 (ECF Nos. 73, 77).  On January 28, 2025, having received Answers from Defendants, the Court scheduled an initial case management conference ("ICMC") for March 3, 2025.  (ECF No. 82 (the "ICMC Scheduling Order")).[1]  On February 10, 2025, Mr. Willis filed the MSJ.  (ECF Nos. 84–85).

The Federal Rules of Civil Procedure permit a party to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), but no party should be "unjustly deprived of [its] ability to meet [its] burden of production" at summary judgment.  Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989).  Indeed, a non-moving party is entitled to "an opportunity to discover information that is essential to [its] opposition" to a summary judgment motion, id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)), and courts thus "routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete."  Toussie v. Allstate Ins. Co., 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016).

Here, the parties have not yet begun formal discovery.  Consequently, they have not had any, let alone a sufficient, opportunity to "discover information . . . essential" to their claims or

---

[1] Mr. Willis is reminded that the ICMC Scheduling Order directed him to meet and confer with Defendants and to file a proposed case management plan by Monday, February 24, 2025.  (See ECF No. 82).  He is additionally reminded of the following call-in information for the ICMC, which is scheduled for March 3, 2025 at 10:00 a.m. EST.  Dial:  (646) 453-4442; access code:  996-211-100#.

defenses.  Trebor Sportswear Co., 865 F.2d at 511.[2]  For this reason, Mr. Willis' MSJ is DENIED WITHOUT PREJUDICE to renewal following discovery in this matter.  See Kaiser v. Fairfield Props., No. 20 Civ. 5399 (GRB) (JMW), 2022 WL 17412405, at *8–9 (E.D.N.Y. Feb. 11, 2022) (recommending denial of plaintiff's motion for summary judgment as premature where no discovery had occurred).  In other words, Mr. Willis will be able to move for summary judgment on an appropriate date the Court will set following the completion of discovery, for which the Court will set a schedule at the upcoming ICMC.

The Clerk of Court is respectfully directed to close ECF No. 84 and to mail a copy of this Order to Mr. Willis.

Dated:     New York, New York
           February 12, 2025

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

---

[2] This is not the first time the Court has informed Mr. Willis that pre-discovery motions for summary judgment are disfavored.  On September 27, 2024, the Court issued an order similar to this, denying a prior motion for summary judgment as premature on the same basis.  (ECF No. 49).