UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY WILLIS,

                        Plaintiff,

   -v-

CITY OF NEW YORK, et al.,

                        Defendants.

CIVIL ACTION NO. 24 Civ. 735 (JGLC) (SLC)

**ORDER FOR LIMITED APPEARANCE
OF PRO BONO COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

At the Initial Case Management Conference held today, March 3, 2025 (the "ICMC"), pro se Plaintiff Rodney Willis ("Mr. Willis") requested appointment of pro bono counsel for the purpose of settlement, in connection with an anticipated settlement conference before the undersigned in spring 2025 (the "Request"). The Request is GRANTED, and the Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for Mr. Willis for the purpose of settlement. Counsel shall file a Notice of Limited Appearance as Pro Bono Counsel.

Mr. Willis filed this action in January 2024, alleging that the City of New York, Kevin Perdomo, and Denise Turner (collectively "Defendants") violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and the New York State Human Rights Law, N.Y. Exec. L. § 297 et seq., by (1) discriminating against him on the basis of his race, color, sex, and age; (2) creating a hostile work environment; and (3) retaliating against him. (ECF No. 1 (the "Complaint")). At the Court's direction, Mr. Willis filed an Amended Complaint on December 16, 2024. (ECF No. 72 (the "Amended Complaint")). In addition to the claims raised in the Complaint, the Amended Complaint purports to bring claims under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq.; the Fair Labor Standards Act,

29 U.S.C. § 201 et seq.; and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (ECF No. 72 at 3–4). These claims stem from Mr. Willis' allegations that he faced increased scrutiny, denial of overtime, exclusion from professional development opportunities, and retaliatory disciplinary actions on the job. (See generally ECF No. 72).

During the ICMC, the Court discussed with the parties the pretrial discovery schedule and scheduled a telephonic status conference for Monday, May 19, 2025 at 2:00 p.m. The Court also raised the prospect of settlement, in response to which all parties expressed interest in participating in a settlement conference with the undersigned. Mr. Willis requested pro bono assistance at any such settlement conference, and the Court finds that appointment of a pro bono attorney will increase the possibility of the parties reaching an agreement.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of a pro se litigant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Mr. Willis' representation beyond a settlement conference—and any related scheduling conferences—with the Court. Pro bono counsel will not be required to respond to any dispositive motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Mr. Willis will end following completion of the settlement conference(s).

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Mr. Willis for the limited purpose of settlement. The Court advises Mr. Willis

that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before a volunteer is located, and there is no guarantee that a volunteer attorney will decide to take the case at all. If the Clerk of Court is unable to locate counsel, Mr. Willis must appear without counsel at any future settlement conference.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Willis.

Dated:   New York, New York
         March 3, 2025

SO ORDERED.

*Sarah Cave*

**SARAH L. CAVE**
**United States Magistrate Judge**